SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*MASTEROBJECTS, INC.*

*Additional Attorneys Listed On Signature Page*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MASTEROBJECTS, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>YAHOO! INC.,<br><br>　　　　Defendant. | Case No.  C 11-2539 JSW<br>(Consolidated with Case No. C 13-4326 JSW)<br><br>**FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Case Management Conference<br>Date:  February 21, 2014<br>Time: 1:30 pm<br>Dept.: Courtroom 11, 19th Floor |

Pursuant to Civil Local Rule 16-10(d), MasterObjects Inc. ("MasterObjects") and Yahoo!, Inc. ("Yahoo!"), submit this Joint Case Management Statement, for the case management conference, scheduled for February 21, 2014.

## I. STATUS OF THE CASE.

MasterObjects filed its Complaint in No. C 11-2539 JSW on May 25, 2011. Yahoo! answered and filed its Counterclaim on July 18, 2011. The Court issued its Claim Construction Ruling on November 26, 2013. Each party has obtained document, interrogatory and deposition discovery from the other, and are proceeding with discovery post-claims construction. MasterObjects filed its complaint in No. C 13-4326 JSW on September 18, 2014, on the newly-issued U.S. Patent No. 8,539,024. MasterObjects and Yahoo have agreed to dismiss this second complaint without prejudice.

## II. PROPOSED SCHEDULE.

MasterObjects proposes a schedule, set forth below. Yahoo! proposes to stay this case, but if a schedule is to be set, proposes the same dates as does MasterObjects. MasterObjects opposes a stay.

### A. Yahoo!'s Stay Motion.

*MasterObjects' Statement.*

There is no good reason to stay this case during the pendency of the *Google* appeal.[1] That appeal involves not only different parties and different accused products, but also involves the construction of only one claim term, which Yahoo! did not think important enough for this case to ask to have it construed here. Accordingly, that appeal is not likely to affect the Yahoo! cases, even if resolved in Google's favor, which is an extremely unlikely outcome. Contrary to the main argument in Yahoo!'s stay motion, the stipulated judgment on appeal is not entitled to collateral estoppel effect, because it does not "by its terms, indicate[] that the parties thereto intend" preclusive effect. *Foster v. Hallco Mfg. Co., Inc.*,

---

[1] MasterObjects intends to file a brief in opposition to Yahoo!'s motion for a stay.

1  947 F.2d 469, 480-82 (Fed. Cir. 1991).  Far from it: the stipulated judgment stated

2  unequivocally that the parties **do not intend** preclusive effect.[2]

3        This case has been proceeding for 20 months now.  The *Markman* process has been

4  concluded with the Court's recent thorough and thoughtful order construing the claims.

5  Discovery has been taken, and discovery remains, which can be taken in the time proposed

6  by MasterObjects.  MasterObjects submits it is better for the parties to complete discovery

7  and other pre-trial tasks, and so be ready for trial by year-end 2014, than to have done

8  nothing to advance this case.  The Court has done its work; the parties should now do theirs.

9        The schedule proposed by MasterObjects below accommodates concerns about the

10 outcome of the appeal, at the same time that it moves this case forward.  As Yahoo! notes,

11 the Federal Circuit's decision is expected no later than this December; MasterObjects

12 proposes that expert reports, dispositive motions, and trial occur afterwards, in 2015.

13 Yahoo!'s reference to the stay of the *MasterObjects v. eBay* case does nothing to support its

14 request here.  **In *eBay*, discovery and expert reports had been completed, leaving the**

15 **case ready for dispositive motions and trial when the *Google* appeal is decided.**

16 **MasterObjects' proposed schedule here would accomplish the same thing.**

17       *Yahoo's! Statement*.

18       For the reasons stated in Yahoo!'s pending motion (Dkt. 66), this case should be

19 stayed pending the outcome of MasterObjects' appeal of a judgment of non-infringement in

20 the *MasterObjects v. Google* litigation.  The Federal Circuit is likely to issue its decision in

21 that appeal in December of this year.  That appeal concerns the same patents currently

22 asserted against Yahoo!.  The Federal Circuit's decision in that appeal is likely to be

---

[2] The stipulated judgment states clearly that "[n]othing in the Claim Construction Order, the Joint Stipulation, or this Stipulated Final Judgment, or any other order in this matter, shall have any collateral estoppel or issue preclusion effect in this matter or in any present or future litigation of MasterObjects with Google or any other entity."  November 26, 2013 Stipulated Judgment at 1-2.

FURTHER CMC STATEMENT       2       CASE NO. C 11-2539 JSW
      (CONSOLIDATED WITH CASE NO. C 13-4326 JSW)

dispositive of MasterObjects' claims in this case because Google and Yahoo!'s products operate in materially the same way.³  Even if MasterObjects prevails in that appeal, the Federal Circuit's ruling will provide important guidance on the scope of the patents-in-suit. Because resolution of the *Google* appeal will either dispose of this case entirely or at least clarify the proper construction of the patents, a short stay will preserve party and court resources.  Indeed, in light of that appeal, MasterObjects has stipulated to stay its litigation against eBay on these same patents even though that litigation was much closer to trial.

      Although MasterObjects has agreed to stay the parallel *eBay* litigation on these same patents, it has refused to stipulate to a stay of this litigation against Yahoo!  MasterObjects attempts to explain this inconsistency on the ground that the *eBay* case was in a more advanced stage and closer to trial.  Contrary to MasterObjects' assertion, a stay is ***less*** warranted the closer the case is to trial.  *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13-cv-4205, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014) ("The early stage of this action accordingly favors a stay."); *Personal Web Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-1356, 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014) (same).  MasterObjects' proposed distinction therefore demonstrates that a stay is ***more*** appropriate here than the stay it stipulated to in *eBay.*

     **B.**     **Proposed Schedule.**

      MasterObjects proposes that the following schedule be set.  Yahoo! requests the case be stayed, but if it is not, agrees to the below schedule.

---

³  MasterObjects contends it is not presently estopped from disputing the claim construction on appeal.  Even assuming that is correct, MasterObjects does not contend that it will not be bound by the claim construction adopted by the Federal Circuit.  The interpretation of patent claims is a question of law.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). This Court neither can nor should ignore the Federal Circuit's holding on a question of law. Nor does MasterObjects cite any authority that parties may stipulate to deprive an appellate decision on a question of law from having precedential effect.  Although parties may stipulate that a consent judgment is not entitled to preclusive effect, they may not stipulate that a fully adjudicated appeal is not precedential.

FURTHER CMC STATEMENT     3     CASE NO.  C 11-2539 JSW
(CONSOLIDATED WITH CASE NO. C 13-4326 JSW)

| Event | Proposed Dates |
|---|---|
| Deadline for the parties to complete fact discovery | 12/19/14 |
| Last day to amend pleadings | 12/29/14 |
| Last day for parties to designate experts and exchange opening expert reports | 1/30/15 |
| Last day for parties to exchange rebuttal expert reports | 2/27/15 |
| Deadline for the parties to complete expert discovery | 4/3/15 |
| Last day for parties to file dispositive motions | 5/1/5 |
| Dispositive motion hearing | 6/5/15 |
| Last day for parties to file *Daubert* motions | 6/5/15 |
| Meet and confer and required pretrial filings and motions in limine | 7/10/15 |
| Pretrial conference | 8/3/15 |

### III. SETTLEMENT.

The parties are mediating the matter before Judge Edward Infante (ret.) on February 12, 2014.

### IV. WHETHER EITHER PARTY WISHES TO CERTIFY THE CLAIM CONSTRUCTION RULING FOR IMMEDIATE APPEAL TO THE FEDERAL CIRCUIT.

Neither party intends to seek interlocutory appeal of the Court's ruling.

### V. THE FILING OF DISPOSITIVE MOTIONS, AND TIMING OF THOSE MOTIONS.

*MasterObjects' Statement*

MasterObjects intends to move for summary adjudication on the doctrine of judicial estoppel to hold Yahoo! to its own statements to the USPTO that the same technology, when embodied in Yahoo!'s later patent applications supporting its accused products, was novel.

*Yahoo!'s Statement*

Yahoo! intends to move for summary judgment of at least non-infringement. Yahoo! will file such motion by the deadline provided by the Court for dispositive motions and may, if the case is not stayed, file an early motion for summary judgment of non-infringement.

## VI. IF WILLFUL INFRINGEMENT HAS BEEN ASSERTED, WHETHER THE ALLEGEDLY-INFRINGING PARTY WISHES TO RELY ON THE ADVICE OF COUNSEL DEFENSE.

Yahoo! does not intend to rely on an advice of counsel defense.

## VII. ANTICIPATED POST-CLAIM CONSTRUCTION DISCOVERY.

*MasterObjects' Statement*

Yahoo has not completed its production of discovery in response to MasterObjects' requests for production of documents and interrogatories, and MasterObjects has recently served additional discovery requests. MasterObjects expects to take additional depositions, including of Yahoo! development, marketing and financial personnel, and depositions regarding validity and prior art, as well as Rule 30(b)(6) depositions of Yahoo!.

*Yahoo!'s Statement*

Yahoo! anticipates that MasterObjects will supplement its interrogatory responses document production and respond to any additional interrogatories and requests for production that Yahoo! may propound. Yahoo! anticipates that it will depose at least the attorneys that prosecuted the patents-in-suit, former MasterObjects board member William Hassebrock, and third-party witnesses regarding the availability and operation of prior art systems.

Dated: February 7, 2014          Respectfully submitted:

HOSIE RICE LLP

*/s/ Spencer Hosie*
Spencer Hosie

Attorneys for Plaintiff
*MasterObjects, Inc.*

1
2       */s/ Kevin A. Smith*
       Kevin A. Smith
3       QUINN EMANUEL URQUHART
       & SULLIVAN LLP
4       50 California St., 22nd Floor
       San Francisco, CA 94111
5       Phone: 415-875-6600
       Fax: 415-875-6700
6       kevinsmith@quinnemanuel.com
7
       Attorneys for Defendant
8       *Yahoo!, Inc.*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28