IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTEROBJECTS, INC., | |
| Plaintiff, | No. C 11-02539 JSW |
| v. | |
| YAHOO! INC., | **ORDER GRANTING MOTION TO STAY** |
| Defendant. | |

Now before the Court is Defendant Yahoo! Inc.'s motion to stay this matter pending resolution of the appeal in *MasterObjects, Inc. v. Google Inc.*, 11-cv-01054 PJH, currently before the Federal Circuit. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for April 11, 2014 is HEREBY VACATED. Having considered the parties pleadings, the relevant legal authority, the Court hereby GRANTS Defendant's motion to stay.

When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id*. There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

Both parties agree that the resolution of the appeal will effect the resolution and scope of dispositive legal issues currently before this Court. The only difference between the parties' positions is Plaintiff's contention that they should be permitted an opportunity to finish discovery. Plaintiff agrees to resolve dispositive motions after the resolution of the appeal. However, a stay pending a potentially dispositive ruling in another forum is less warranted the closer the case is to trial. The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See, e.g., Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial); *see also Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, 2014 WL 213179, at *2 (N.D. Cal. Jan. 17, 2014) ("The early stage of this action accordingly favors a stay."). A stay is most appropriate in the earlier stages of litigation as, depending upon the outcome of the appeal, the parties and the Court may not avoid unnecessary and time-consuming discovery and motions practice.

Accordingly, Defendant's motion for a stay is GRANTED and the Clerk shall ADMINISTRATIVELY CLOSE this case. Due to the stay, Defendant's motion for leave to serve supplemental invalidity contentions is DENIED without prejudice to re-filing once the stay is lifted.

The Court HEREBY ORDERS the parties to submit notice to the Court within 10 days of issuance of the appeal. In their notice, the parties shall request that the stay be lifted, the matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: April 2, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE